UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-11754-RGS

BARRY SHANNON

v.

CITIBANK (SOUTH DAKOTA) N.A., et al.

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

November 4, 2011

STEARNS, D.J.

Barry Shannon brought this pro se action against defendant Citibank and the lawyers it hired to collect a credit card debt from Shannon in Massachusetts. Shannon alleges that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 (Count I); the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 (Count II); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 (Count III). Defendants move to dismiss all three counts for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

"When considering whether a particular collection notice violates the FDCPA, courts usually look to whether the objective 'least sophisticated debtor' would find the notice improperly threatening or misleading." *Martin v. Sands*, 62 F. Supp. 2d 196, 199 (D. Mass. 1999), citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

(the "'least sophisticated debtor' standard has . . . been adopted by all federal appellate courts that have considered the issue.'"). Defendants have appended the collection notices sent to Shannon, and, in his Complaint, Shannon admits to having received them. As defendants contend, the letter sent to Shannon on May 4, 2011, fairly alerted Shannon to his consumer rights. Moreover, Shannon has pled no facts that would support a finding that the letters were in any way misleading or threatening, or misrepresented the character or amount of the debt.

Insofar as Shannon challenges the verification of the debt, his claim has no merit, as defendants have provided Shannon with copies of his Home Depot Credit Card account statements, which reflects the charges owed to the original creditor. *See* Ex. D, Dkt # 13; *see Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (itemized statement provided by the debt collector to the consumer satisfied the statutory requirement that a debt be verified upon request by the consumer). Thus, Count I fails.

With respect to Count II, Shannon contends that defendants violated the FCRA by obtaining his consumer credit report without a permissible purpose. Yet, as defendants point out, 15 U.S.C. § 1681B(a)(3)(a), permits a creditor to obtain a consumer's credit report for the purpose of collecting a debt.

Finally, the court agrees with defendants that the TCPA was not violated where

two pre-recorded messages were left on Shannon's residential voicemail in the interest of collecting the debt. *See, e.g., Meadows v. Franklin Collection Servs., Inc.*, 414 Fed. Appx. 230, 235 (11th Cir. 2011) ("[P]rerecorded debt-collection calls are exempt from the TCPA's prohibitions on such calls to residences.").

ORDER

For the foregoing reasons, defendants' motion to dismiss is <u>ALLOWED</u>.[1] The Clerk will close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] The court will enter the dismissal with prejudice. Shannon has offered no additional facts in his response to defendants' motion to dismiss that refute defendants' objections to his claims; nor does he persuade the court that a cure of the legal defects of the Complaint would be achieved by amendment. *Cf. Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30-31 (1st Cir. 2000).